# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| ABM MINISTRIES, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CRAIG W. SMITH, JR. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LARRY MUSGRAVE | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CARMEN MUSGRAVE | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES
### PERSONAL INJURY-BATTERY, BREACH OF FIDUCIARY DUTY, NEGLIGENCE AND OTHER RELIEF

COMES NOW Plaintiff, by and through counsel, and for her Complaint for Damages against Defendants states to the Court as follows:

### THE PARTIES

1.    Jane Doe (hereinafter "Plaintiff") at all times relevant herein was and is a resident of the State of Minnesota.

2.    Plaintiff was born in 1990 and is now 19 years of age.

3.    ABM Ministries, Inc, (hereinafter "ABM") is a corporation organized under the laws of the State of Tennessee registered to do business in the State of Missouri as a non-profit

corporation and owns and operates a boarding school for "troubled teens" known as Lighthouse Christian Academy (hereinafter "LCA") located in Wayne County, Missouri.

4.    Craig W. Smith, Jr. (hereinafter "Smith") was at all times relevant herein a resident of the State of Missouri residing in Poplar Bluff, Missouri.  He is sued individually and in his capacity as an employee of ABM.  Smith's date of birth in 1977.

5.    Larry Musgrave (hereinafter "Larry") was at all times relevant herein a resident of the State of Missouri residing in Patterson, Missouri.  He is sued individually and in his capacity as an employee and officer of ABM Ministries, Inc.

6.    Carmen Musgrave (hereinafter "Carmen") was at all times relevant herein a resident of the State of Missouri residing in Patterson, Missouri.  She is sued individually and in her capacity as an employee and officer of ABM Ministries, Inc.

## JURISDICTION AND VENUE

7.    Subject matter jurisdiction lies in this Court pursuant to 28 U.S.C. Section 1332 in that the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and the citizenship of each plaintiff is diverse from the citizenship of each defendant.   Further, this Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a) in that this action includes claims for relief under the laws of the State of Missouri.

8.    This Court may assert personal jurisdiction over ABM in that it is registered to do business in the State of Missouri and has a place of business located within this judicial district.

9.    This Court may assert personal jurisdiction over Larry, Carmen and Smith in that they are residents of the State of Missouri and reside within this judicial district.

10.     Venue for this action is proper in this Court pursuant to 28 U.S.C. Section 1391 in that the acts committed herein occurred in Wayne County, Missouri within this judicial district.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

11.     In April 2005 Plaintiff was enrolled by her parents at LCA as a boarding student. As such, Plaintiff resided at the premises of LCA and was under the control and supervision of employees of ABM and/or LCA.  Plaintiff remained a boarding student at LCA until May 2008.

12.     At the time of Plaintiff's enrollment, Larry was the President of ABM, an employee of ABM and/or LCA and had supervisory authority over the agents, servants and employees of ABM and/or LCA.

13.     At the time of Plaintiff's enrollment, Carmen was the Treasurer of ABM, an employee of ABM and/or LCA and had supervisory authority over the agents, servants and employees of ABM and/or LCA.

14.     At the time of Plaintiff's enrollment, Smith was 28 years of age and employed by ABM and/or LCA as the Principal of LCA.  In this capacity Smith was directly supervised by Larry and Carmen.

15.     At or following the time of her admission, Plaintiff and/or Plaintiff's parents provided ABM and/or LCA with Plaintiff's educational, medical and mental health history, which information was read by Larry, Carmen and/or Smith, including that Plaintiff had a history of depression.

16.     After her admission in April 2005 Plaintiff began counseling with Larry and Smith.  This counseling continued until eventually Smith provided counseling to Plaintiff without the presence of Larry or Carmen.

3

17.     In addition, during the time of Plaintiff's stay at LCA Smith regularly supervised Plaintiff in connection with her education, work and other activities and was in a position of authority with regard to Plaintiff's enrollment and participation in the programs and activities at LCA. In this capacity Smith established a position of trust and confidence with Plaintiff such that he had fiduciary duties to her.

18.     Smith used his position of authority, counselor, trust and confidence over and with respect to Plaintiff in order to "groom" and persuade her to develop a very personal and intimate relationship with him.

19.     Between September 2007 and June 2008 Smith, on the premises of LCA, Smith repeatedly committed multiple acts of sexual bodily contact with Plaintiff, including hugging, kissing, and fondling Plaintiff, touching Plaintiff on her breasts, buttocks and vaginal area, having sexual intercourse with Plaintiff and having Plaintiff touch Smith's genitals and perform oral sex on Smith.

20.     In December 2007 Plaintiff's parents notified Larry and/or Carmen that they were concerned about the apparent degree of personal relationship between Plaintiff and Smith.

21.     Despite such knowledge ABM and/or LCA and/or Larry and/or Carmen failed and/or refused to investigate Smith's interaction with Plaintiff, or discipline him or otherwise take such steps to prohibit Smith from further contact with Plaintiff and further acts of sexual contact by Smith upon Plaintiff.

## COUNT I-BATTERY

22.     Plaintiff incorporates and realleges Paragraphs 1-21 as though fully set forth herein.

23.     The repeated acts of sexual bodily contact committed by Smith upon Plaintiff were done intentionally and without the consent of Plaintiff and/or Smith threatened and/or manipulated Plaintiff to engage in such conduct.

24.     The aforesaid acts of Smith were offensive to Plaintiff and would be offensive to a reasonable person.

25.     As a direct and proximate result of Smith's acts of battery, Plaintiff has suffered severe mental and emotional distress, embarrassment, humiliation and psychological injury that has and will continue to require medical and/or psychiatric and/or psychological care and treatment.

26.     The aforesaid acts of battery by Smith were willful, wanton, malicious and outrageous because of Smith's evil motive or reckless indifference to Plaintiff's rights and/or showed Smith's complete indifference to or conscious disregard for Plaintiff's safety.

WHEREFORE, Plaintiff Jane Doe prays the Court to enter Judgment in her favor and against Defendant Craig W. Smith, Jr. for actual and compensatory damages in an amount in excess of $75,000.00, exclusive of interest and costs, subject to proof at trial, for punitive damages in excess of One Million Dollars ($1,000,000.00) for her costs incurred herein and for such other relief as this Court deems just and proper.

## COUNT II-BREACH OF FIDUCIARY DUTY

27.     Plaintiff incorporates and realleges Paragraphs 1-26 as though fully set forth herein.

28.     By reason of his position of superior knowledge, authority trust and/or confidence with regard to Plaintiff, Smith had fiduciary duties to Plaintiff, including a duty to protect her from harm and injury.

29.     The aforesaid acts by Smith were in breach of his fiduciary duties to Plaintiff.

30.     As a direct and proximate result of Smith's acts, Plaintiff has suffered severe mental and emotional distress, embarrassment, humiliation and psychological injury that has and will continue to require medical and/or psychiatric and/or psychological care and treatment.

31.     The aforesaid acts by Smith were willful, wanton, malicious and outrageous because of Smith's evil motive or reckless indifference to Plaintiff's rights and/or showed Smith's complete indifference to or conscious disregard for Plaintiff's safety.

WHEREFORE, Plaintiff Jane Doe prays the Court to enter Judgment in her favor and against Defendant Craig W. Smith, Jr. for actual and compensatory damages in an amount in excess of $75,000.00, exclusive of interest and costs, subject to proof at trial, for punitive damages in excess of One Million Dollars ($1,000,000.00) for her costs incurred herein and for such other relief as this Court deems just and proper.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

32.     Plaintiff incorporates and realleges Paragraphs 1-31 as though fully set forth herein.

33.     Smith owed a heightened duty of care to Plaintiff while she was within his supervision, care, custody and control.

34.     Smith knew or should have known that his breach of duty involved an unreasonable risk of causing emotional distress to Plaintiff.

35.     As a direct and proximate result of Smith's acts or failure to act, Plaintiff has suffered severe mental and emotional distress, embarrassment, humiliation and psychological injury that has and will continue to require medical and/or psychiatric and/or psychological care and treatment.

6

36.     The aforesaid acts of battery by Smith were willful, wanton, malicious and outrageous because of Smith's evil motive or reckless indifference to Plaintiff's rights and/or showed Smith's complete indifference to or conscious disregard for Plaintiff's safety.

WHEREFORE, Plaintiff Jane Doe prays the Court to enter Judgment in her favor and against Defendant Craig W. Smith, Jr. for actual and compensatory damages in an amount in excess of $75,000.00, exclusive of interest and costs, subject to proof at trial, for punitive damages in excess of One Million Dollars ($1,000,000.00) for her costs incurred herein and for such other relief as this Court deems just and proper.

## COUNT IV – NEGLIGENT SUPERVISION

37.     Plaintiff incorporates and realleges Paragraphs 1-36 as though fully set forth herein.

38.     Larry and Carmen, individually and in their capacities as officers and employees of ABM and/or LCA, owed a duty of care to Plaintiff while she was within their supervision, care, custody and control, including a duty to protect her from sexual battery by employees at ABM and/or LCA.

39.     Larry and Carmen knew or by the exercise of reasonable care, should have known of the sexual battery being committed by Smith against Plaintiff.

40.     Larry and Carmen breached their duties to Plaintiff by one or more of the following:

a.     they negligently failed to properly monitor, investigate and/or supervise Smith's interactions with Plaintiff; and/or

b.      they negligently allowed Smith to continue to have contact with Plaintiff after being notified of concerns about the degree of personal interaction between Smith and Plaintiff; and/or

c.      they negligently failed to educate, warn and instruct Smith that sexual contact with Plaintiff was prohibited and improper; and/or

d.      they negligently failed to educate, warn and instruct Plaintiff to refrain from physical or sexual contact with Smith; and/or

e.       they negligently failed to educate, warn and/or instruct Plaintiff to report any improper conduct by Smith; and/or

f.      they negligently failed to educate, warn and/or instruct all other students, employees and school personnel to report any allegations of misconduct by Smith;

41.      As a direct and proximate result of Larry and Carmen's acts or failure to act, Plaintiff has suffered severe mental and emotional distress, embarrassment, humiliation and psychological injury that has and will continue to require medical and/or psychiatric and/or psychological care and treatment.

42.      The aforesaid acts or failures to act were willful, wanton, malicious and outrageous because they show reckless indifference to Plaintiff's rights and/or show complete indifference to or conscious disregard for Plaintiff's safety.

WHEREFORE, Plaintiff Jane Doe prays the Court to enter Judgment in her favor and against Defendants Larry Musgrave and Carmen Musgrave for actual and compensatory damages in an amount in excess of $75,000.00, exclusive of interest and costs, subject to proof at trial, for punitive damages in excess of One Million Dollars ($1,000,000.00) for her costs incurred herein and for such other relief as this Court deems just and proper.

## COUNT V – RESPONDEAT SUPERIOR

43.     Plaintiff incorporates and realleges Paragraphs 1-42 as though fully set forth herein.

44.     The negligent acts or failures to act by Larry and/or Carmen were committed while they were engaged in activities within the course and scope of his or her employment by ABM and/or LCA.

45.     The negligent acts or failures to act by Larry and/or Carmen were done by virtue of their employment and in furtherance of the business or interests of ABM and/or LCA.

46.     As a direct and proximate result of the foregoing, Plaintiff has suffered severe mental and emotional distress, embarrassment, humiliation and psychological injury that has and will continue to require medical and/or psychiatric and/or psychological care and treatment.

47.     The aforesaid acts or failures to act were willful, wanton, malicious and outrageous because they show reckless indifference to Plaintiff's rights and/or show complete indifference to or conscious disregard for Plaintiff's safety.

WHEREFORE, Plaintiff Jane Doe prays the Court to enter Judgment in her favor and against Defendant ABM Ministries, Inc. for actual and compensatory damages in an amount in excess of $75,000.00, exclusive of interest and costs, subject to proof at trial, for punitive damages in excess of One Million Dollars ($1,000,000.00) for her costs incurred herein and for such other relief as this Court deems just and proper.

Michael H. James, USDC #3478
mjames@jameslawpc.com
David W. Forth, USDC #77927
dforth@jameslawpc.com
**JAMES HUTCHISON
FORTH & SNYDER, P.C.**
111 Westport Plaza
Suite 505
St. Louis, Missouri 63146
314-434-5222
314-434-5333 (Facsimile)
ATTORNEYS FOR PLAINTIFF